IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN COULTER,)
        Plaintiff,)
)
vs)    Civil Action No. 17-629
)
BLAZE TATANANNI, et al.,)
        Defendants.)

O R D E R

On June 28, 2017, Plaintiff, Jean Coulter, filed a a document entitled "Motion for Recusal and Motion for Stay Pending Assignment of a Jurist Who Has Not Previously Violated Numerous Federal Criminal Statutes for the Purpose of Victimizing Plaintiff" (ECF No. 9). She argues that the undersigned should recuse from this case for having "made a pattern and practice of violation of Coulter's Rights to Privacy as well as Coulter's Right to Due Process and has thus violated Federal Criminal Statute related to Color of Law Violation of Rights." (Id. at 1.)

She contends that, in previous cases filed in this Court, the undersigned referred to records that were sealed by Pennsylvania statute. She alleges that, in Case No. 11-1201, the undersigned "claimed to have searched the 'public record' and discovered Sealed Adoption records," which the Clerk's Office had sealed. However, as the docket entry shows, what occurred was that the defendant had submitted a motion and brief and exhibits all in one document, so the Clerk's Office separated them and redocketed them as appropriate. (Civ. A. No. 11-1201, ECF No. 16 docket entry dated Jan. 6, 2012). They were never sealed by the Clerk's Office. Moreover, what the defendant submitted in that case were not records from an adoption, but the Memorandum Opinion of Judge Doerr of the Court of Common Pleas of Butler County, Pennsylvania dated January 11, 2011 in which the petition filed by the Butler County

Children and Youth Services Agency for the involuntary termination of Plaintiff's parental rights was granted, and the November 21, 2011 opinion of the Pennsylvania Superior Court affirming this judgment (ECF No. 17 Exs. A, B).

The United States Code provides that:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a). The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "When a party does not cite to extrajudicial sources, the Judge's opinions and remarks must reveal a 'deep-seated' or 'high degree' of 'favoritism or antagonism that would make fair judgment impossible.'" United States v. Wecht, 484 F.3d 194, 213 (3d Cir. 2007) (quoting Liteky, 519 U.S. at 555-56). See Knoll v. City of Allentown, 707 F.3d 406, 411 (3d Cir. 2013) (district judge who called Knoll's case "silly" and characterized her motion for a new trial as "patently frivolous" was not required to recuse himself).

Plaintiff does not cite to extrajudicial sources, nor does she point to instances of opinions revealing a deep-seated or high-degree of favoritism or antagonism. Plaintiff's motion is based solely on the fact that the undersigned has recommended that the many cases she has filed in this Court should be dismissed. See Civ. A. Nos. 11-1201, 12-60, 12-338, 12-641, 12-978, 12-1050, 12-1241, 12-1461. All of the recommendations were reviewed de novo and adopted by a district judge and were ultimately affirmed on appeal by the Court of Appeals for the Third Circuit. Indeed, in Civ. A. Nos. 12-1050 and 12-1241, Judge Bissoon declared Plaintiff a vexatious litigant and prohibited her from filing any additional civil actions related to or arising from the

state court proceedings involving her criminal conviction for assaulting her minor child, and/or the subsequent termination of her parental rights. This case does not fall within the scope of Judge Bissoon's order, but it fails to support its allegations for subject matter jurisdiction.

The Court of Appeals has held that "adverse rulings—even if they are erroneous—are not in themselves proof of prejudice or bias." Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015). Therefore, her motion for recusal will be denied.

Plaintiff also contends that "Stay is required as Magistrate Judge has demanded that Coulter defend her Complaint, in a manner which is clearly intended to assist Defendants in the presentation of their case." (ECF No. 9 at 8.) However, Plaintiff is not being required to defend her Complaint, but rather to explain the basis for subject matter jurisdiction, without which this Court cannot proceed further. As her submission demonstrates, she has not supported her assertions that subject matter jurisdiction can be based on either a federal question (because no state actors are involved) or on diversity of citizenship (when all the evidence indicates that she and five of the Defendants are citizens of Pennsylvania). Therefore, there is no basis for staying this matter. By separate Report and Recommendation, it will be recommended that this case be dismissed for lack of subject matter jurisdiction.

AND NOW, this 30th day of June, 2017,

IT IS ORDERED that Plaintiff's "Motion for Recusal and Motion for Stay Pending Assignment of a Jurist Who Has Not Previously Violated Numerous Federal Criminal Statutes for the Purpose of Victimizing Plaintiff" (ECF No. 9) is denied.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: Jean Coulter
P.O. Box 8094
Philadelphia, PA 19101-8094